U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 1 2020

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARIO GONZALEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:19-CV-694-A |
| | § |
| SERGIO MERCADO, ET AL., | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Sergio Mercado ("Mercado") to dismiss. Plaintiff, Mario Gonzalez, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On September 3, 2019, plaintiff filed his complaint in this action. Doc.[1] 1. By order signed September 5, 2019, the court ordered plaintiff to file an amended complaint, in particular, to set out the facts to show that Mercado was deliberately indifferent to plaintiff's medical needs. Doc. 7 at 3. On September 27, 2019, plaintiff filed a document titled "Amended

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

Complaint," Doc. 8, which the court interpreted as a supplemental complaint. Doc. 9 at 1, n.1.

Plaintiff complains that he was transferred to FMC Fort Worth for treatment of his renal kidney failure, but that Mercado, a doctor, failed to treat him for a period of or around six months, causing his disease to progress from stage 3 to stage 5 with the consequence that plaintiff will be on dialysis the remainder of his life. He asserts a tort claim against United States and a Bivens[2] claim against Mercado.[3]

II.

Grounds of the Motion

Mercado seeks dismissal of plaintiff's claims against him for failure of plaintiff to plead facts sufficient to show deliberate indifference to plaintiff's serious medical needs. And, Mercado says he is entitled to qualified immunity. He also argues that plaintiff has failed to state a claim under the Fifth or Fourteenth Amendments.

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[3] The court does not interpret plaintiff's complaint to assert claims against Mercado in his official capacity. But, as Mercado notes, Doc. 19 at 1, n.1, official capacity claims are deemed to be claims against the United States itself. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff is asserting a tort claim against United States, based at least in part on the alleged conduct of Mercado.

2

III.

Applicable Legal Principles

A. Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer

that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of

Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

B.  Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing

violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has

alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.
> . . .

502 U.S. at 229.

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question

7

beyond debate. White v. Pauly, 137 S. Ct. 548, 551 (2017). That is, the clearly established law upon which plaintiff relies should not be defined at a high level of generality, but must be particularized to the facts of the case. Id. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. Id.; Surratt v McClarin, 851 F.3d 389, 392 (5th Cir. 2017).

IV.

Analysis

To state a claim against Mercado, plaintiff must allege acts or omissions on Mercado's part sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). That is, he must allege that Mercado both knew of and disregarded an excessive risk to plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The analysis requires an inquiry into Mercado's state of mind. Id. at 838. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)(citing Estelle, 429 U.S. at 105-06). The standard to prevail at trial is extremely high, requiring evidence of

8

egregious intentional conduct. Gobert v. Caldwell, 463 F.3d 339, 346, 351 (5th Cir. 2006). Mercado must have "refused to treat [plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. at 346. See Estelle, 429 U.S. at 104 n.10 (citing cases of deliberate indifference by prison doctors). To proceed with his claims, he must do more than just allege negligence. See Siegert, 500 U.S. at 231.

Here, plaintiff has not pleaded any facts to state a claim against Mercado. He attached to his original complaint a letter regarding his tort claim in which he stated that after his initial assessment by Mercado, he attended sick call twice and did not receive treatment.[4] Doc. 1 Page ID 7. The documents attached to plaintiff's supplemental complaint show that as of March 19, 2018, plaintiff was at a facility in Beaumont awaiting transfer to a medical facility. Doc. 8 at PageID[5] 48. Plaintiff had been diagnosed with chronic kidney disease stage 3. Id. PageID 49. On April 16, 2018, plaintiff was seen by Charles Eilert, D.O., at FMC Fort Worth. Id. PageID 53. He was scheduled

---

[4] The medical records plaintiff has provided do not support this allegation.

[5] The "PageID__" reference is to the page number assigned by the court's electronic filing system and is used because plaintiff did not number the pages he attached.

for an in-house nephrology evaluation and ultrasound. Id. PageID 55. On July 24, 2018, plaintiff was seen for muscle cramping and relayed that he had stopped taking his hypertension medication. Id. PageID 58. The provider, a nurse practitioner, noted that plaintiff's labs were stable and that he had been seen by the nephrologist for chronic kidney disease. Id. The provider discussed with plaintiff the need to take his hypertension medication as directed to keep his kidney function from getting worse. Id. PageID 59. Mercado saw and cosigned the notes the same day. Id. On October 1, 2018, plaintiff's routine labs reflected an abnormal result. Id. PageID 69. Within two hours, Mercado sent plaintiff to a local hospital for evaluation. Id. PageID 61-62. At that point, "Mercado began to properly treat [plaintiff's] medical illness." Doc. 1 at PageID 5.

The medical records provided by plaintiff himself belie the contention that he was not seen or treated for a period of six months after arriving at FMC Fort Worth. Nothing in the documents gives any support to the contention that Mercado was deliberately indifferent to a serious medical need of plaintiff. Rather, the records show, at the very least, that plaintiff had labs drawn in April, July, and October, and that he was immediately sent to a local hospital when his October labs revealed an abnormal result.

To the extent plaintiff refers to violations by Mercado of the Fifth and Fourteenth Amendments, he has not stated a claim. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017)(the court will not lightly expand the Bivens remedy). And, plaintiff cannot pursue a claim under the Fourteenth Amendment as Mercado is not a state actor. McGuire v. Turnbo, 137 F.3d 321, 323 (5th Cir. 1998).

V.

Order

The court ORDERS that Mercado's motion to dismiss be, and is hereby, granted and that plaintiff's claims against Mercado be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Mercado.

SIGNED January 21, 2020.

_____
JOHN McBRYDE
United States District Judge