IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIO GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-694-A |
| | § | |
| SERGIO MERCADO, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of United States of America for summary judgment. Plaintiff, Mario Gonzalez, has failed to respond to the motion despite having been granted an extension of time in which to do so. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On September 3, 2019, plaintiff filed his original complaint in this case. Doc.[1] 1. By order signed September 5, 2019, the court ordered plaintiff to file an amended complaint to state specifically the facts supporting his claims against each defendant. Doc. 7. On September 27, 2019, plaintiff filed his amended complaint. Doc. 8. The court ordered that service of

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

summons and complaint be made by the U.S. Marshal. Doc. 9. On December 17, 2020, the government filed its answer. Doc. 17. Defendant Sergio Mercado filed a motion to dismiss, Doc. 19, which the court granted. Doc. 24. The dismissal of the claims against him was made final by separate judgment. Doc. 25.

In his amended complaint, plaintiff asserts claims against the government under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), for damages allegedly incurred by him as a result of negligent medical treatment he received from staff at the Federal Medical Center Fort Worth ("FMC"). He alleges that his stage 3 kidney failure progressed to stage 5 and that he will require a lifetime of dialysis as a result of the failure to treat him properly.[2]

II.

Grounds of the Motion

The government contends that plaintiff cannot provide any probative evidence on the essential elements of his medical malpractice claim—the standard of care, breach, causation, and damages. Doc. 40 at 1.

---

[2] The time period at issue is from April 16, 2018, when plaintiff was transferred to FMC and October 15, 2018, when plaintiff filed his administrative tort claim. Doc. 8.

2

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving

3

party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson, 477 U.S. at 247-48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. Scott v. Harris, 550 U.S. 372, 380 (2007).

IV.

Analysis

The FTCA gives federal courts jurisdiction over claims against the United States for money damages for injuries caused by the negligent or wrongful act or omission of a government employee under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Sheridan v. United States, 487 U.S. 392, 398 (1988)(quoting 28 U.S.C. §1346(b)). Because plaintiff's alleged injuries occurred at FMC, Texas law applies. Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

4

Texas law imposes on treating physicians a duty to exercise that degree of care which a general practitioner of ordinary prudence and skill, practicing in the community or similar community, would have exercised in the same or similar circumstances. Edwards v. United States, 519 F.2d 1137, 1139 (5th Cir. 1975). The plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Standard of care is the threshold issue and must be established by expert testimony unless the mode or form of treatment is a matter of common knowledge or is within the experience of a lay person. Id., 523 F.3d at 601-02; Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is also required to establish that the breach proximately caused the harm suffered by the plaintiff. Guile v. United States, 422 F.3d 221, 225 (5th Cir. 2005); Garza v. Levin, 769 S.W.2d 644, 646 (Tex. App.--Corpus Christi 1989, writ denied).

This is not the type of case where breach and causation can be determined without expert testimony. See Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990)(giving as examples operating on the wrong part of the body or leaving sponges within a body). That one can "google" a host of information about

5

a condition does not bring it within common knowledge such that expert testimony is not required. In this case, the medical records reflect that plaintiff suffers from hypertension and chronic kidney disease. Plaintiff has failed to take his medication as prescribed, despite being counseled that failure to keep his hypertension under control would have a negative impact on his kidney function. While at FMC, he was seen on a regular basis. On October 1, 2018, plaintiff's lab work showed abnormal results and he was admitted to the hospital the same day. He received a nephrology consult and was diagnosed with worsening renal failure. He began receiving hemodialysis three days per week. Doc. 8; Doc. 41.

Where, as here, expert testimony is required and plaintiff has provided none, the government's motion for summary judgment must be granted.[3] Woods v. United States, No. 3:08-CV-1670-D, 2010 WL 809601, at *3 (N.D. Tex. Mar. 8, 2010); Hess v. United States, No. 4:08-CV-231-A, 2009 WL 1402331, at *4-5 (N.D. Tex. May 18, 2009). Plaintiff cannot establish the standard of care or that the government breached that standard of care.

---

[3] The court notes that the deadline for designating experts was May 16, 2020. Docs. 26, ¶ 15 & 30 (setting September 14, 2020 trial date). Plaintiff failed to designate any experts.

V.

Order

The court ORDERS that the government's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against the government; and, that such claims be, and are hereby, dismissed.

SIGNED July 17, 2020.

JOHN McBRYDE
United States District Judge